UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Owen V. Lee, *et al.*,

      Plaintiffs,

v.                                                      Case No.  19-12133

Cincinnati Capital Corporation,                         Sean F. Cox
                                                        United States District Court Judge
      Defendant.

_____/

## OPINION & ORDER
## GRANTING PLAINTIFFS' MOTION
## TO COMBINE CLASS AND MERITS DISCOVERY

This is a putative class action against Defendant Cincinnati Capital Corporation ("Cincinnati Capital").  The matter is currently before the Court on the parties' dispute over whether or not discovery in this action should be bifurcated.   The parties have filed cross-motions regarding the issues and each side submitted a proposed scheduling order.  The Court concludes that oral argument would not aid the decisional process and orders that the motion shall be decided without a hearing.  For the reasons set forth below, the Court shall grant Plaintiffs' motion seeking to combine class and merits discovery and deny Defendant's cross-motion asking the Court to bifurcate discovery.

### BACKGROUND

Plaintiffs Owen V. Lee and Heather Lee ("Plaintiffs" or "the Lees")  filed this action, on their own behalf, in state court.  On July 22, 2019, Defendants removed the action to federal court, based upon both diversity jurisdiction and federal-question jurisdiction.

1

On August 19, 2019, Plaintiffs filed a "First Amended Class Action Complaint" (ECF No. 8) naming the following two defendants: 1) Joseph Engelhart, an individual; and 2) Cincinnati Capital, an Ohio corporation.  It asserts the following claims: 1) "Violation of the SMLA, Mich. Comp. Laws Ann. § 493.51, *et seq*." (Count I); 2) "Unjust Enrichment/Restitution" (Count II); 3) "Violation of Truth-in-Lending Act, 15 U.S.C. §§ 1601, *et seq*." (Count III); and 4) "Violation of the Real Estate Settlement Procedures Act 12 U.S.C. §§ 2601, *et seq*." (Count IV).

Plaintiffs allege that Defendant Cincinnati Capital is an Ohio Corporation.  (First Am. Compl. at ¶ 10).  Defendant Engelhart is the "Chief Executive Officer, owner, and agent of" Cincinnati Capital.  (*Id*. at 11).  Plaintiffs describe the nature of this action as follows:

1.     This complaint is against Defendants for violations of the Secondary Mortgage Loan Act, Mich. Comp. Laws Ann. § 493.51, et seq., ("SMLA"), the Truth-in-Lending Act 15 U.S.C. § 1601, et seq., ("TILA"), the Real Estate Settlement Procedures Act 12 U.S.C. § 2601, et seq. ("RESPA"), and for Unjust Enrichment/Restitution under the laws of the State of Michigan, based upon the unjust collection and retention of payments, to which they were not entitled, made by the Lees and the Putative Class.

2.     A violation of SMLA occurs when "[a] person, association, nonprofit corporation, common law trust, joint stock company, limited liability company, or any other group of individuals, however organized, or any owner, partner, member, officers, director, trustee, employee, agent, broker, or representative thereof" (Mich. Comp. Laws Ann. § 493.77(2), "[e]ngages in this state in the business of a broker, lender, or servicer without a license or registration under this act" (Mich. Comp. Laws Ann. § 493.77(2)(a)), or "[a]cts as a secondary mortgage loan officer in this state and is not a licensed secondary mortgage loan officer under the mortgage loan originator licensing act."  Mich. Comp. Laws Ann. § 493.77(2)(b).

3.     Defendants violated the SMLA when they conducted business with the Lees and the Putative Class despite being unlicensed under

SMLA. Mich. Comp. Laws Ann. § 493.77(2).

4.  Section 27 of SMLA provides that a violation of SMLA is also subject to the penalty and remedy provisions of the Credit Reform Act, which expressly includes "a class action" as a form of relief. Mich. Comp. Laws Ann. § 493.77(1); Mich. Comp. Laws Ann. § 445.1861(3).

5.  Defendants' collection of principal and interest mortgage payments without a license gives rise to a claim for Unjust Enrichment/ Restitution as the law prohibits them from collecting such payments.

6.  Further, Defendants violated various provisions of TILA and RESPA by failing to make certain disclosures or otherwise failing to provide certain information to the Lees and the Putative Class.

(First Am. Compl. at 2-3). The supporting factual allegations include:

18. The Lees own their home, real property located at 49363 Parkshore Court in Northville, Michigan (the "Subject Property").

19. On November 4, 2005, the Lees secured a home equity line of credit ("HELOC") in the amount of $525,000 from Main Street Bank.

20. Main Street Bank, located at 201 E. Main Street, Northville, Michigan, 48167, was a full service financial institution that was organized and existed under the laws of the State of Michigan.

21. To secure repayment of the HELOC, the Lees granted Main Street Bank a second mortgage on the Subject Property, behind in priority to their primary mortgage, which was recorded with Wayne County register of deeds (the "Second Mortgage").

22. On October 10, 2008, Main Street Bank was closed by the Michigan Office of Financial & Insurance Services and the Federal Deposit Insurance Corporation ("FDIC") was named receiver.

23. Sometime after it was appointed receiver, the FDIC sold to Cincinnati Capital a portfolio of loans and mortgages originated and owned by Main Street Bank (the "Loans").

24. Among the Loans was the Lees' HELOC and Second Mortgage.

3

25.     In addition to the Lees' HELOC and Second Mortgage, the Loans included 229 similar loans that had been originated and owned by Main Street Bank and that were secured by real property located in the State of Michigan.

26.     On the date of purchase, the Loans had a book value of $13,632.991.90, for which Cincinnati Capital paid a total purchase price of $1,554,161.08 – or 11.4 cents per dollar of the book value.

27.     Upon information and belief, the FDIC, as receiver, transferred to Cincinnati Capital all rights to collect and enforce the terms of these 230 Loans.

28.     On June 18, 2009, an Assignment of Mortgage was recorded with the Wayne County Register of Deeds wherein the FDIC assigned the Second Mortgage to Cincinnati Capital (the "Assignment").

29.     Engelhart authorized the Assignment as CEO of Cincinnati Capital.

30.     At various times after the HELOC and Second Mortgage was sold to Cincinnati Capital, the Lees attempted to contact Defendants regarding, among other things, the financial hardship they were experiencing in relation to the HELOC and Second Mortgage, copies of various documents related to the loan, the loan history, and other related information.

31.     Most of these requests went unanswered with Cincinnati Capital responding, only in October 2015 and May 2019, with parts of the information requested.

32.     Among other things, Defendants never provided proof that Cincinnati Capital acquired the HELOC and Second Mortgage, notice of the basis of any change to the interest rate of the loan, and calculations of the payment, adequate periodic statements, or required disclosures.

33.     Based upon the dealings between the Lees and Defendants, upon information and belief, Defendants failed to provide requested or required information or notices to the other 229 mortgage holders.

(*Id*. at ¶¶ 18-33).

Both Defendants filed motions to dismiss.  In an Opinion and Order issued on January 16, 2020, this Court dismissed the claims against Engelhart, leaving Cincinnati Capital as the only remaining Defendant in this case.  (ECF No. 27).  As to the claims against Cincinnati Capital,

Plaintiffs concede that they cannot assert any claims against it in this action that would pre-date

the date that Main Street Bank was placed into FDIC receivership (such as a claim involving

origination of a loan).  (*Id*. at 24).

At the Scheduling Conference, the parties disagreed as to whether discovery in this case

should be bifurcated. Thereafter, this Court issued an order instructing the parties to brief their

respective positions and offer their own proposed Scheduling Order.  (*See* ECF No. 33).  The

parties have since filed those submissions.

In addition, Plaintiffs filed a "Motion For Leave To Clarify/Amend First Amended Class

Action Complaint."  (ECF No. 37).  This Court recently granted that motion, over Defendant's

opposition, allowing Plaintiffs to amend a single paragraph of their complaint.  That Opinion and

Order was issued on July 8, 2020, thus the amended complaint will be filed in the near future.

## ANALYSIS

As the parties recognize, a district court has broad discretion over discovery and

scheduling matters.  *Trepel v. Roadway Exp., Inc*. 194 F.3d 708, 716 (6th Cir. 1999).

Plaintiffs' motion (ECF No. 38) asks the Court to combine class certification and merits

discovery in this case and enter their proposed scheduling order.  Plaintiffs' proposed scheduling

order would combine class and merits discovery, and would have a provision wherein the parties

would first discuss any problems that may arise and then have the Court address them if

necessary:

> 1. The parties are directed to combine class and merits discovery. If a
> particular merits discovery issue arises that would be cumbersome and
> cause significant delay to this scheduling order, the parties are directed to
> discuss alternate solutions and advise the Court as to those solutions.  If the
> Court then determines that an amendment to this Order is needed, the Court
> will issue an amended Scheduling Order.  Furthermore, if at the close of

> class briefing, either party believes additional merits discovery is still needed, they are directed to discuss the issue with opposing counsel, and propose a merits discovery order to the Court for consideration, and if needed, the Court will set a status conference to discuss the matter. But the Court issues this scheduling order with the hopes that upon completion of class discovery, class certification briefing will occur. Following the Court's ruling on class certification, the Court will set a status conference to address the remaining scheduling issues, be they related to additional discovery on open issues, dispositive motions and trial.

(ECF No. 38-2).

In support of their position, Plaintiffs make several arguments, including the following arguments: 1) merits discovery relating to Plaintiffs' and the putative class members' claims against Defendant is enmeshed with class discovery such that discovery should not be bifurcated; 2) bifurcation would compromise judicial economy and lead to inevitable disputes between what is class discovery and what is merits discovery; and 3) bifurcation would not be appropriate here, where this case will continue on as to Plaintiffs' own claims even if a class action is not certified.

Defendant, on the other hand, asks the Court to bifurcate discovery and enter its proposed scheduling order and filed a motion asking the Court to do that. (ECF No. 39). It claims that doing so will be more efficient. Its proposed scheduling order would provide for only limited class discovery, "limited to the following categories of information:" 1) "[i]dentification of the financial instruments that Cincinnati acquired from Main Street Bank in 2009," 2) "[i]dentification of the repayment histories for those financial instruments," 3) "[i]dentification of the account holders for those financial instruments who have made disclosure requests substantially similar to those the Lees allege give rise to their federal statutory claims"; and 4) the "Lees' status as potential class representatives under Rule 23." (*See* ECF No. 39-2). Under Defendant's proposed order, class certification would then be briefed by the parties and decided

by the Court before any further discovery would take place.

Having reviewed the parties' competing positions, the Court shall follow Plaintiffs' suggested approach.  As Plaintiffs note, even as a class action, this case is fairly simple and straightforward.  Much of the discovery needed will be available electronically and will relate to the loans and communications between the parties.  And, in light of the Supreme Court's decision in *Walmart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), courts are understandably reluctant to bifurcate discovery.  Plaintiffs cite to Newberg on this issue:

> Discovery on the merits should not normally be stayed pending so-called class discovery, because class discovery is frequently not distinguishable from merits discovery, and classwide discovery is often necessary as circumstantial evidence even when the class is denied. Such a discovery bifurcation will often be counterproductive in delaying the progress of the suit for orderly and efficient adjudication.

(Pls.' Br. at 8) (citing 3 Newberg on Class Actions § 7:8, p 25 (4th ed)).  The Court further finds Plaintiffs' point that bifurcation would inevitably lead to disputes over what is class discovery and what is merits discovery is well taken.

Accordingly, the Court hereby GRANTS Plaintiffs' motion seeking to combine class and merits discovery and DENIES Defendant's cross-motion seeking to bifurcate discovery.  The Court shall issue its Initial Scheduling Order forthwith.


IT IS SO ORDERED.

s/Sean F. Cox_____
Sean F. Cox
United States District Judge

Dated:  July 17, 2020

7