UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Owen V. Lee, *et al.*,

    Plaintiffs/Counter-Defendants,

v.                                         Case No. 19-12133

Cincinnati Capital Corporation,         Sean F. Cox
                                               United States District Court Judge

    Defendant/Counter-Plaintiff.

_____/

## OPINION & ORDER DENYING
## MOTION FOR SANCTIONS AND CONTEMPT

    This matter is currently before the Court on a Motion for Sanctions and Contempt filed by Owen and Heather Lee. This motion asserts that this Court should exercise its inherent authority and hold Cincinnati Capital Corporation and Mr. Engelhart (its Chief Executive Officer) in contempt and punish them for willfully disobeying the Court's order to appear for a continued settlement conference on October 4, 2021. The parties have briefed the issues and the Court also heard oral argument. As explained below, the Court concludes that neither Cincinnati Capital nor Mr. Engelhart willfully disobeyed the Court's orders and that no sanctions are warranted. The motion is denied.

### BACKGROUND

    Plaintiffs Owen V. Lee and Heather Lee ("the Lees") filed this lawsuit against Defendants Joseph Engelhart and Cincinnati Capital Corporation ("Cincinnati Capital") in state court. The action was removed to federal court and, thereafter, the Lees filed an amended complaint that included class action allegations. The claims against Defendant Engelhart were

1

dismissed on January 16, 2020.

On February 20, 2020, Cincinnati Capital asserted the following counterclaims against the Lees: 1) Breach of Contract (Count I); 2) Promissory Estoppel (Count II); and 3) Unjust Enrichment (Count III).

On July 20, 2020, the Lees filed their Second Amended Class Action Complaint, asserting the following claims against Cincinnati Capital: 1) "Violation of the SMLA, Mich. Comp. Laws Ann. § 493.51, *et seq.*" (Count I); 2) "Unjust Enrichment/Restitution" (Count II); 3) "Violation of Truth-in-Lending Act, 15 U.S.C. §§ 1601, *et seq.*" (Count III); and 4) "Violation of the Real Estate Settlement Procedures Act 12 U.S.C. §§ 2601, *et seq.*" (Count IV).

On September 18, 2020, Cincinnati Capital filed a Motion for Judgment on the Pleadings. (ECF No. 53). This Court granted it in part and denied it in part. The Court granted the motion to the extent that it ruled that Cincinnati Capital is entitled to judgment on the pleadings with respect to Counts I, II, and IV. With respect to the Lees' TILA claims asserted in Count III, the Court ruled that the sole claim remaining is the Lees' claim under § 1641(g) that Cincinnati Capital failed to notify the borrowers in writing of the assignment of a mortgage loan from the creditor to the assignee.

The Lees filed a motion seeking reconsideration of those rulings and that motion is currently pending before this Court.

Accordingly, at this juncture, the following claims remain in this case: 1) the Lees' TILA claim asserted in Count III of their Second Amended Complaint; and 2) all three of Cincinnati Capital's counter-claims against the Lees.

This Court issued notices and orders in order to conduct a settlement conference in this

case and ordered that counsel, along with "all of their clients and persons with full settlement authority" to attend the conference. (ECF No. 77).

This Court held that in-person settlement conference with counsel for the parties, with their clients present, on Thursday, September 30, 2021, and Friday, October 1, 2021. The Lees attended those conferences in person, along with their counsel. Joseph Engelhart, the Chief Executive Officer of Cincinnati Capital, also attended those conferences in person, along with its counsel. The case did not resolve. At the end of the conference on October 1, 2021 – just before the parties left – this Court directed counsel and their clients, to return to chambers to continue the settlement conference on Monday, October 4, 2021 at 9:00 a.m. When the Court did so, Mr. Lee asked to be excused from personally appearing for the Monday morning conference because he had a previously-scheduled event planned. This Court denied Mr. Lee's request.

On Saturday October 2, 2021, Cincinnati Capital filed an "Emergency Motion To Adjourn Continued Settlement Conference." (ECF No. 79). In it, Cincinnati Capital stated that after Mr. Engelhart left the courthouse on October 1, 2021, he was reminded by his counsel in Ohio that he was needed in a court proceeding in Ohio on October 4, at 9:30 a.m., and asked that the Court accommodate him by either adjourning the conference in this case until October 5th at 9:00 a.m. or moving the conference to noon on October 4th and allowing Engelhart to participate via zoom. That filing identified the state-court case that Engelhart needed to attend in Ohio as *Cincinnati Capital Holdings, LLC v. Robert Cherry*, Case No. A2101125. (*See* ECF No. 79-1).

On Sunday, October 3, 2021, the Lees filed a response brief in opposition to the motion. (ECF No. 80).

On the morning of October 4, 2021, this Court resumed the settlement conference. This

3

Court was not aware of the motion that had been filed over the weekend. When this Court met with counsel for Cincinnati Capital that morning, they did not advise him that Mr. Engelhart was not present for the conference or that they had filed the emergency motion over the weekend.

Once this came to the Court's attention, the Court went on the record and expressed its frustration and disappointment that Mr. Engelhart was not present for the continued settlement conference. While the matter was on the record on October 4, 2021, counsel for the Lees made an oral motion requesting sanctions for Mr. Engelhart's failure to appear for the conference.

Later that day, this Court contacted the chambers of the judge presiding over the state-court case referenced in Cincinnati Capital's Emergency Motion to Adjourn, and was told that no hearings were scheduled in that case for October 4, 2021.

On October 5, 2021, this Court issued an order regarding the oral motion that had been made by the Lees, directing the parties to file briefs. Thereafter, the parties filed briefs and this Court heard oral argument. This Court also encouraged the parties to discuss the motion, to see if they could come to a resolution without the Court's involvement. They were unable to do so. Thus, a ruling from this Court is required.

## ANALYSIS

The Lees' motion asserts that this Court should exercise its inherent authority to hold Cincinnati Capital and Mr. Engelhart in contempt and punish them for willfully disobeying the Court's order to appear for the continued settlement conference on October 4, 2021. (ECF No. 83 at PageID.1896). As to the relief requested by the Lees, they ask that this Court:

- <u>Dismiss</u> Defendant's counterclaim with prejudice;

- <u>Strike</u> Defendant's Answer to the Second Amended Comp. (ECF No. 51, PgID 1091-1120) AND <u>Strike</u> Defendant's Motion for Judgment on the

    Pleadings (ECF No. 53, Pg ID 1122-1157); alternatively, <u>Grant</u> the Lees' pending motion for reconsideration.

- <u>ENTER</u> Default Judgment in favor of the Lees on Count I, Count II and Count III of their Second Amended Complaint on the issue of liability; and leave the issues of class certification and damages to be determined; and

- <u>Award</u> the Lees their costs and attorney's fees associated with i) appearing for the settlement conference on Thursday, September 30, 2021, Friday, October 1, 2021, and Monday, October 4, 2021; ii) investigating the veracity of Defendant's and Mr. Engelhart's excuse and misrepresentations; iii) preparing this brief in support of motion for contempt and sanctions; and iv) appearing for the hearing on the instant motion.

(ECF No. 83 at PageID.1920) (emphasis in original).

Having carefully reviewed everything presented by the parties, this Court concludes that neither Cincinnati Capital nor Mr. Engelart willfully disobeyed the Court's orders.

Mr. Engelhart appeared for the settlement conferences with this Court on September 30, 2021, and October 1, 2021, and participated in them in good faith. When the case did not resolve, at the end of a long day on October 1st, this Court made a last-minute decision and directed the parties and their clients to return the following Monday morning, to continue the conference.

After Mr. Engelhart left the courthouse Friday evening, however, his counsel in Ohio reminded him that he was needed in an Ohio court proceeding on Monday morning. That left Mr. Engelhart in a difficult position, given that he could not appear in both cases at the same time. As a result, Mr. Engelhart's counsel prepared and filed an emergency motion asking that the conference in this case either be adjourned until October 5th or that it be moved to noon on October 4th with Mr. Engelhart appearing by video conference. In quickly filing that motion,

they identified the wrong case number of the Hamilton County Ohio case in which Mr. Engelhart needed to appear on October 4, 2021 (identifying it as *Cincinnati Capital Holdings, LLC v. Robert Cherry*, Case No. A2101125 rather than *Cincinnati Capital Holdings, LLC v. Walter Cherry et. al,* Case No. A2101062).

Given that the Lees had filed a brief opposing the emergency motion, and understanding that the motion would likely not be ruled upon prior to the Monday morning conference, Cincinnati Capital and Mr. Engelhart took reasonable measures to attempt to comply with the Court's directive to appear for a continuation of the settlement conference. Mr. Engelhart is the sole officer of the corporation, and its only employees consist of two administrative assistants. As such, Mr. Engelhart met with Benjamin Marck, a contractor, discussed this case with him, and purported to give him full authority to settle the matter on behalf of Cincinnati Capital. (*See* Marck Declaration). Mr. Marck then appeared for the settlement conference, along with Cincinnati Capital's counsel, on October 4, 2021.[1]

While Cincinnati Capital's counsel may have been less than candid with this Court, by not advising that Mr. Engelhart was not present when the Court met with them on Monday morning, this Court concludes that Cincinnati Capital and Mr. Engelhart took reasonable and good faith measures in an attempt to comply with this Court's directive. The Court regrets that Mr. Lee missed the business event he had planned to attend on October 4, 2021, but that is a result of this Court's ruling on his request, not actions taken by Cincinnati Capital or Mr.

---

[1] A hearing in *Cincinnati Capital Holdings, LLC v. Walter Cherry et. al,* Case No. A2101062 did take place on the morning of October 4, 2021. Mr. Engelhart's counsel in that case advised Mr. Engelhart that his appearance was necessary at that hearing. (*See* Fletcher Decl.).

Engelhart. At the end of the day, the Court concludes that neither Cincinnati Capital nor Mr. Engelhart willfully disobeyed the Court's orders and that, under the circumstances presented, no sanctions are warranted, let alone the drastic sanctions requested by the Lees.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the Lees' Motion for Sanctions and Contempt (ECF No. 83) is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: November 29, 2021