UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Owen V. Lee, *et al.*,

    Plaintiffs/Counter-Defendants,

v.                                                                                                  Case No. 19-12133

Cincinnati Capital Corporation,                                      Sean F. Cox
                                                                                           United States District Court Judge

    Defendant/Counter-Plaintiff.
_____/

## OPINION & ORDER DENYING
## PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

This contentious case was filed in state court on June 24, 2019, and was removed to federal court on July 22, 2019. The matter is currently before the Court on a motion filed by Plaintiffs/Counter-Defendants Owen and Heather Lee ("the Lees") on December 17, 2021, seeking leave to file what would be their fourth complaint in this case. The parties have briefed the issues and the Court concludes that a hearing is not warranted. For the reasons set forth below, the Court DENIES the Lees' request for leave to file another amended complaint.

## BACKGROUND

To recite the facts of this case, that led to the pending motion before the Court, is "nearly to decide it."[1]

Acting through counsel,[2] on June 24, 2019, the Lees filed this lawsuit against Defendant Cincinnati Capital Corporation ("Cincinnati") in state court. Filings in that state-court case

---

[1]*Universal Health Group v. Allstate Ins. Co.*, 703 F.3d 953, 954 (6th Cir. 2013).

[2]Owen and Heather Lee are both attorneys but are represented by counsel in this case.

1

reflect that, during that same week, the Lees received notice from a firm representing Cincinnati that foreclosure proceedings had been commenced on their residential property, stemming from the mortgage held by Cincinnati at issue in this case. (*See* ECF No. 11-7). Cincinnati removed the case to federal court on July 22, 2019, based upon diversity jurisdiction.

On August 19, 2019, the Lees filed an amended complaint that added Joseph Engelhart (Cincinnati's CEO) as a defendant and also added class-action allegations. (*See* ECF No. 8, the Lees' "First Amended Class Action Complaint."). It included the following claims:
 1) "Violation of the SMLA, Mich. Comp. Laws Ann. § 493.51, *et seq*." (Count I); 2) "Unjust Enrichment/Restitution" (Count II); 3) "Violation of Truth-in-Lending Act, 15 U.S.C. §§ 1601, *et seq*." (Count III); and 4) "Violation of the Real Estate Settlement Procedures Act 12 U.S.C. §§ 2601, *et seq*." (Count IV). The gravamen of their complaint is that Defendants violated Michigan's Secondary Mortgage Loan Act, Mich. Comp. Laws § 493.51 *et seq*., "when they conducted business with the Lees and the Putative Class despite being unlicensed under SMLA." (ECF No. 8 at 2-3).

A few days later, on August 23, 2019, the Lees filed an "Emergency Motion For A Preliminary Injunction To Preserve The Status Quo And Enjoin The Foreclosure And Sale Of Their Residential Property Scheduled For September 12, 2019." (ECF No. 11). This Court held a status conference with the parties to discuss that motion. Later, a Stipulated Order To Stay The Foreclosure And Sale Of Plaintiffs' Residential Property Scheduled For September 1, 2019 Throughout Pendency Of The Lawsuit Or Until Ordered Otherwise By The Court" was issued. (ECF No. 15).

Cincinnati and Engelhart each filed a Motion to Dismiss the Lees' First Amended

2

Complaint. After full briefing by the parties and a hearing, the claims against Defendant Engelhart were dismissed by this Court on January 16, 2020, but the claims against Cincinnati remained.

On February 20, 2020, Cincinnati asserted the following counterclaims against the Lees: 1) Breach of Contract (Count I); 2) Promissory Estoppel (Count II); and 3) Unjust Enrichment (Count III). Those counterclaims are based upon Cincinnati's allegation that the Lees have failed to repay $525,000.00 that they borrowed through the home equity line of credit ("HELOC") that was purchased by Cincinnati. (ECF No. 34 at 31). Cincinnati alleges that the "Lees initiated this action to escape their repayment obligations and avoid the consequences of their default under the HELOC which could include the loss of their 5,700 square foot, custom built, luxury home in Northville, Michigan." (*Id.*). Cincinnati alleges that, "[a]ccording to current estimates, the Lees' Property is valued at approximately $1.2 million." (*Id*. at 33). By virtue of its counterclaims, Cincinnati "seeks the repayment of the full amount of the Lees' outstanding HELOC balance including principal, interest and fees, which continue to accrue." (*Id*.).

On March 5, 2020, the Lees filed a motion seeking leave to file another amended complaint, in order to amend their allegations about the proposed class, after Cincinnati's counsel communicated perceived pleading deficiencies to Plaintiffs' counsel. (*See* ECF No. 37 at 3-4). Cincinnati opposed that motion but this Court granted the Lees' motion and permitted them to file another amended complaint. (ECF No. 47).

On July 20, 2020, the Lees filed their Second Amended Class Action Complaint – their third complaint in this case – asserting the following claims against Cincinnati Capital: 1)

"Violation of the SMLA, Mich. Comp. Laws Ann. § 493.51, *et seq.*" (Count I); 2) "Unjust Enrichment/Restitution" (Count II); 3) "Violation of Truth-in-Lending Act, 15 U.S.C. §§ 1601, *et seq.*" (Count III); and 4) "Violation of the Real Estate Settlement Procedures Act 12 U.S.C. §§ 2601, *et seq.*" (Count IV).

When the parties could not reach agreement as to a scheduling order, this Court had the parties brief the issues and each proposed a scheduling order. Because neither party included a date for further amendments of the pleadings, and in light of the fact that the Lees had already filed three different complaints in this case, this Court's July 20, 2020 Scheduling Order did not allow for any further amendment of the pleadings.

Cincinnati filed a Motion for Judgment on the Pleadings, challenging all claims asserted in the Lees' Second Amended Class Action Complaint. On February 16, 2021, the Court granted it in part and denied it in part. (*See* ECF No. 68).

It is well-established that a reference to amending, made almost as an aside, in a brief in opposition to a dispositive motion it not a motion to amend a complaint. Nevertheless, the Lees' brief in response to Cincinnati's motion was peppered with "precisely that kind of throwaway language." *Kuyat v. Biomimetic Therapeutics*, 747 F.3d 435, 444 (6th Cir. 2014). Thus, before addressing the challenges in the motion, this Court addressed the improper references the Lees made about amending their complaint should the Court agree with Cincinnati's arguments:

> Plaintiffs have now filed three different complaints in this case. Defendant's Motion for Judgment on the Pleadings, brought under Fed. R. Civ. P. 12(c), challenges Plaintiffs' operative complaint – their SAC.
> In responding to Defendant's motion, however, Plaintiffs made cursory and improper references about filing yet another amended complaint.
> At this stage of the litigation, if Plaintiffs wish to file yet another amended complaint, they must file a motion seeking leave to file an amended complaint. And "Eastern District of Michigan Local Rule 15.1 further requires that a party

4

seeking leave to amend a pleading provide the Court with a copy of its proposed amended pleading." *D.E. & J Limited P'ship v. Conaway,* 284 F. Supp.2d 719, 751 (E.D. Mich. 2003).

Plaintiffs are undoubtedly aware of the proper procedure for seeking leave to file an amended complaint, as they previously filed a motion to amend when they sought leave to file the SAC.

But now, faced with Defendant's Motion for Judgment on the Pleadings that challenges whether Plaintiffs have included sufficient factual allegations to plausibly state a claim under the statutes at issue, Plaintiffs have not filed a motion seeking leave to file an amended complaint, nor have they presented this Court with a proposed amended complaint. Rather, after making various arguments in opposition to Defendant's challenges to each of their claims, Plaintiffs repeatedly assert:

> But, to the extent this Court disagrees, then Plaintiffs respectfully submit that justice requires they be given an opportunity to amend their pleading to set forth their allegations in the level of detail this Court deems necessary.

(Pls.' Br. at 11, 16, 18, & 19).

The Sixth Circuit's "disfavor of such a bare request in lieu of a properly filed motion for leave to amend was made clear in *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir.2000)." *Alliance for Children, Inc. v. City of Detroit Public Schools*, 475 F.Supp.2d 655, 669 (E.D. Mich. 2007). What Plaintiffs "may have stated, almost as an aside," to this Court in their brief in opposition to Defendant's motion is not the proper procedure for requesting leave to amend. *Begala*, 214 F.3d at 784; *see also Louisiana Sch. Emp. Ret. Sys. v. Ernst & Young, LLP,* 622 F.3d. 471, 486 (6th Cir. 2010); *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 322 (6th Cir. 2017).

Simply stated, Plaintiffs are not "entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Begala, supra*, at 784. Accordingly, the Court denies Plaintiffs' improper requests to file another amended complaint and shall evaluate the pending motion based on the operative complaint – Plaintiffs' SAC.

(*Id*. at 6-7).

This Court then proceeded to analyze the motion and granted it to the extent that it ruled that Cincinnati is entitled to judgment on the pleadings with respect to Counts I, II, and IV. With respect to the Lees' TILA claims asserted in Count III, the Court ruled that the sole claim remaining is the Lees' claim under § 1641(g) that Cincinnati failed to notify the borrowers in

writing of the assignment of a mortgage loan from the creditor to the assignee.

Despite all of the references in their brief about wanting to file another amended complaint if the Court were to conclude that any of their claims were not sufficiently pleaded (*see* Pl.'s Br. at 11, 16, 18, & 19), the Lees did not file a motion seeking leave to do so after this Court ruled.

Rather, on March 2, 2021, the Lees chose to file a Motion for Reconsideration. And they made that choice even though, in practice, "[m]otions for reconsideration or to alter or amend a judgment are rarely granted" because of the narrow purposes for which such motions are intended. *Trollinger v. Tyson Foods, Inc.*, 2008 WL 1984264 (E.D. Tenn. 2008) (citations omitted); *see also Plaskon Elec. Mat., Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995) ("Motions for reconsideration are 'extraordinary in nature'" "because they run contrary to the notions of finality" and therefore are granted "very sparingly."). This Court allowed briefing on the Lees' Motion for Reconsideration but advised the parties no hearing on the motion would be held.

Meanwhile, soon after issuing its Opinion and Order dismissing most of the Lees' claims, this Court scheduled a settlement conference as several claims remained (i.e., part of the Lees' TILA count and all of Cincinnati's counter-claims). The settlement conference was reset a few times during the COVID-19 pandemic but the Court held in-person settlement conferences beginning on September 30, 2021.

On November 19, 2021, the Court issued a Second Scheduling Order, that had been submitted by the parties. (ECF No. 88). That order made no reference to further amendments of the pleadings in this case, which by that point was nearly two and a half years old.

This Court was ultimately unable to resolve the parties' claims during the settlement conferences it held.

On December 2, 2021, this Court denied the Lees' Motion for Reconsideration. (ECF No. 94).

On December 17, 2021, the Lees filed a motion seeking leave to file a Third Amended Class Action Complaint – which would be their fourth complaint in this case. (ECF No. 96). Cincinnati opposes the motion.

## ANALYSIS

The Lees already amended their complaint as of right, and were later granted leave to amend again by this Court. Because Cincinnati opposes their motion, under Fed. R.Civ. P. 15(a), they need leave of this Court in order to amend again.

Leave to amend the complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Nevertheless, discretion to deny leave is appropriate due to "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment," and other appropriate reasons. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The longer the delay, the less prejudice the opposing party will be required to show." *Dubac v. Green Oak Twp.*, 312 F.3d 736, 752 (6th Cir. 2002) (citing *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994)).

Here, Cincinnati argues that the Lee's request to file another amended complaint should be denied because: 1) the Lees waited too long to seek leave to amend; 2) the Lees' proposed Third Amended Complaint would improperly allow the Lees to resuscitate arguments and

7

theories they waived; 3) allowing the Lees to file a fourth complaint and essentially start this case over would cause prejudice to Cincinnati, especially in light of the unique circumstances of this case; and 4) the proposed amendments as to the SMLA count (the only count addressed by the Lees in their motion as to futility) would be futile for several reasons.

Cincinnati notes that the "Lees have already filed – and required Cincinnati to respond to – three complaints in this matter. They spent months arguing that not only was their SAC sufficient, but that they should be granted summary judgment on it. Now that those arguments have repeatedly failed, they want to go back to the drawing board and file their fourth complaint in this case." (Cincinnati's Br. at 15). Cincinnati contends there is no basis to allow that at this stage, noting that this case "was filed more than two and half years ago," the Court's "initial scheduling order anticipated that discovery would end over a year ago" and "the parties – including the Lees – have already filed multiple dispositive motions." (*Id.*). Indeed, there have already been two rounds of dispositive motions challenging the pleadings in the Lee's various complaints (with Cincinnati having filed two motions and Engelhart having filed his own motion that resulted in his dismissal from this action).

While all of Cincinnati's arguments in opposing leave to amend at this juncture are well-taken, this Court need not address them all.

It is well established that a "party who delays in seeking an amendment" once the need to amend becomes apparent "is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1488, p. 764 (3d ed. 2010).

The Court agrees that the Lees waited too long to seek leave to amend their complaint yet

again and that, under the circumstances of this case, to grant the requested amendment would unduly prejudice Cincinnati.

The Lees have known of the challenges to the pleadings in their operative complaint since September 18, 2020, when Cincinnati filed its Motion for Judgment on the Pleadings. And the Lees have been aware of the additional factual allegations they now seek to add to their complaint from the onset of this case. But rather than file a motion seeking leave to file an amended complaint in response to Cincinnati's motion, in order to add additional factual allegations, the Lees chose to file a response brief affirmatively defending the sufficiency of their existing complaint. Of course, they also tried to "hedge their bets," by including the "throwaway language" the Sixth Circuit rejected long ago, about wanting to file an amended complaint if the Court were to find otherwise.

The proposed amended complaint that the Lees now wish to file does not add any new claims or parties. The motion states that "Instead, the [proposed amended complaint] is in response to the Court's Opinion and Order granting in part Defendant's Motion for Judgment on the Pleadings and dismissing without prejudice Plaintiffs' claims" "as having been deficiently pleaded." (*Id*. at 2). Again, however, that Opinion and Order was issued on February 16, 2021. Despite four separate references in their brief about wanting to file another amended complaint if the Court were to find that any of their claims were not sufficiently pleaded, the Lees did not file a motion seeking leave to file an amended complaint after this Court's rulings. Instead, they filed a motion seeking reconsideration, that ultimately led to this Court concluding that the Lees had waived various arguments, and only sought leave to amend once their reconsideration motion was denied.

9

Cincinnati contends that the Sixth Circuit's decision in *Glazer* supports their request to deny leave at this juncture. *Glazer v. Chase Home Fin., LLC*, 704 F.3d 453 (6th Cir. 2013). The Court agrees.

In *Glazer,* the plaintiff did not file a motion seeking leave to amend his complaint after the defendants filed a motion to dismiss challenging the operative complaint. Rather, the plaintiff filed a response to the motion to dismiss and only sought leave to amend after a magistrate judge recommended that the motion to dismiss be granted, in a report and recommendation. The district court denied leave to amend under those circumstances.

The Sixth Circuit upheld the district court's denial of the plaintiff's request to amend, explaining:

> Permitting amendment in this situation, the district court concluded, "would work against the intent of the Federal Rules of Civil Procedure" by permitting a plaintiff to use the magistrate-referral process to test out his pleading and discover defects before seeking to amend them away in response to the magistrate's recommendation. Furthermore, according to the district court, allowing amendment under these circumstances would encourage delay and bad faith on the part of plaintiffs and prejudice defendants who would have wasted time and expense attacking a hypothetical complaint. We agree.

*Glazer,* 704 F.3d at 460. The Sixth Circuit also discussed the situation in *Begala:*

> We addressed a similar situation in *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776 (6th Cir. 2000). There, in the district court, the plaintiffs in a footnote in their brief in response to the defendant's motion to dismiss prospectively asked for leave to amend in the event the court found the original complaint deficient. The district court dismissed the complaint without granting leave to amend. On reconsideration, the plaintiffs claimed error in dismissing the complaint without first granting leave to permit them to correct the deficiencies with an amended complaint. The district court denied the motion, noting that if the plaintiffs had sought to amend prior to the court's consideration of the defendant's motion to dismiss, the court would have considered the defendant's motion in light of the proposed amendments. *Id*. at 784. Absent a request for leave, however, the defendant was entitled to a review of the complaint as filed. The district court reasoned: "Plaintiffs were not entitled to an advisory opinion from the Court

10

> informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Id*. We upheld the district court's exercise of discretion. *Id*.

*Id.*

This Court concludes that similar reasoning supports the denial of the Lees' request to amend in this case.

Indeed, the Lees took an even more protracted "wait-and-see approach" than was taken in *Glazer*. That is because the Lees did not seek to amend once they got the Court's decision on Cincinnati's Motion for Judgment on the Pleadings. They added another layer by filing a motion for reconsideration.

The Court also concludes that granting the Lees leave to file yet another amended complaint in this case, under the circumstances here, would unduly prejudice Cincinnati. As Cincinnati explains, this "prejudice arises not only from the pure delay, wasted time, and costs incurred in successfully challenging the SAC (and defending the Lees' summary judgment motion) only to return to the starting line. Cincinnati's prejudice extends farther because of the unique circumstances of this dispute." (Cincinnati's Br. at 17). That is because the Lees have an injunction that prevents Cincinnati from foreclosing on their home during this litigation. Cincinnati asserts that "[d]elay serves the Lees' interests because the longer they can stretch out this case, the longer they can continue to live rent-free in their seven figure home without paying for it." (*Id.*). Cincinnati also persuasively asserts that the injunction impairs Cincinnati's ability to sell the loan, and/or the value of it if it were to do so, during the pendency of this case. All of this would result in undue prejudice to Cincinnati if the Court were to allow the requested amendment.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that the Lees' Motion to Amend is **DENIED.**

**IT IS FURTHER ORDERED** that the parties shall appear for a Status Conference on **March 29, 2022 at 1:30 p.m.,** in order to discuss a revised Scheduling Order as to the remaining claims in this action (ie., the remaining portion of the Lees' TILA count and all of the counter-claims asserted by Cincinnati).

**IT IS SO ORDERED.**

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: March 8, 2022